THE HONORABLE THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAHENDRA PRATAP SINGH,<br><br>            Plaintiff,<br><br>    v.<br><br>ROCKWELL AUTOMATION, INC, and<br>BALDOR ELECTRIC COMPANY,<br><br>            Defendants. | Case No. 2:09-cv-0597<br><br>**DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD**<br><br><br><br><br>Note for Motion Calendar:  Dec. 31, 2010 |

## MOTION

Pursuant to 9 U.S.C. §§9 and 13, defendants Rockwell Automation, Inc. and Baldor Electric Company (collectively "Rockwell") hereby move this Court for an order confirming the arbitrator's Order on Summary Judgment Motion dismissing all of Plaintiff's claims, entering judgment in favor of defendants, and awarding costs to defendants.

## MEMORANDUM

**A.     Procedural Facts Relevant to the Arbitration Award in Defendants' Favor**

The parties return to this Court after arbitration proceedings in South Carolina,[1] which

---

[1] The arbitration process began on August 17, 2009 when Singh filed his formal request for arbitration with the AAA Declaration of Ellison McCoy Dated 12/13/10 ("McCoy 12/10/10 Dec.") Exs. A and B: at 3, section III, filed herewith.

DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD - 1
(Case No. 2:09-cv-0597)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

took place pursuant to a valid arbitration agreement between Singh and Rockwell[2] and consistent with this Court's July 16, 2009 oral ruling ordering the parties to arbitration in South Carolina.[3] On November 11, 2010, the arbitrator granted Rockwell's motion for summary judgment dismissing all of Plaintiff's claims.[4]

Additional facts regarding the underlying arbitration and final order are set forth in Defendants' Opposition to Plaintiff's Motion to Vacate Arbitration Summary Judgment Order ("Defendants' Opposition"), filed concurrently.

### B. The Court Should Confirm the Arbitration Award and Enter Judgment for Defendants.

The Federal Arbitration Act provides in relevant part:

> "If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, within one year after the award is made any party to the arbitration may apply to the court . . . and thereupon the court must grant such an order unless the award is vacated, modified, or corrected."

9 U.S.C. § 9. The award shall be docketed by the Clerk as if it were a judgment rendered in an action, and have "the same full force and effect." [5] Thus, this Court has the obligation to confirm Rockwell's arbitration award into a judgment where the parties have agreed that the award will be final.[6] Additionally, an agreement to arbitrate under the rules of the American Arbitration Association (AAA) is also sufficient to make an arbitration binding within the meaning of 9 U.S.C. § 9.[7]

Both are present here. The parties specifically agreed that the decision of the arbitrator shall be "final and binding" and also that either party may bring an action in "any court of

---

[2] McCoy 12/13/10 Dec.: ¶ 3 and Ex. A thereto (copy of Arbitration Agreement).
[3] Declaration of Catharine Morisset Dated 12/13/10 ¶ and Ex. A: excerpts of July 16, 2009 hearing transcript at 45:21-22. The Court stayed the case pending arbitration and declined to enter judgment at that time. *Id.* at 47:6-7.
[4] McCoy 12/13/10 Dec. ¶¶ 4-5 and Ex. B thereto (copy of Order on Summary Judgment Motion).
[5] 9 U.S.C. § 13.
[6] *See Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 578, 592, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008); *Doctor's Assocs., Inc. v. Cassarotto*, 517 U.S. 681, 688, 116 S.Ct. 1652, 1657, 130 L.Ed.2d 753 (1996) (stating that the purpose of the Federal Arbitration Act is to ensure that private agreements to arbitrate are enforced).
[7] *Rainwater v. National Home Insurance Co.*, 944 F.2d 190, 192 (4th Cir. 1991).

DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD - 2
(Case No. 2:09-cv-0597)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

competent jurisdiction"[8] to enforce the award."[9] The parties also clearly agreed to arbitration in accordance with the AAA rules.[10] The AAA Employment Arbitration Rules specifically provide that the "[p]arties to these procedures shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction."[11]

Under these circumstances, "a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected" as set forth in 9 U.S. §§ 10 and 11.[12] Thus, it is clear that if this Court denies Plaintiff's Motion to Vacate the Arbitration Summary judgment for the reasons set for in Defendants' Opposition, it must confirm the $0 arbitration award and enter judgment.

### C. Costs Should Be Awarded to Defendants

An award of costs under CR 54(d) is also appropriate as Rockwell is the prevailing party.

### D. Order and Judgment

As 9 U.S.C. § 13 requires, true and correct copies copy of the Arbitration Agreement and the arbitrator's final award, i.e. his 11/2/10 Order on Motion Summary Judgment, are being filed concurrently as Exhibits A and B to the Declaration of Ellison McCoy Dated 12/13/10.

A proposed order confirming the award is also being provided to the Court concurrently.

DATED this 13th day of December, 2010.

/s Catharine Morisset
Karen Kruse, WSBA # 19857
Michael A. Griffin, WSBA #29103
Catharine Morisset, WSBA #29682
JACKSON LEWIS LLP
600 University Street, Suite 2900
Seattle, WA 98101
Telephone: 206-405-0404

---

[8] This Court clearly retains its jurisdiction, even though the arbitration award was "$0." Defendants removed the case to this Court based on federal question and diversity. Dkt. 1 at 1:22-24. For purposes of diversity jurisdiction, it is the amount at stake in the underlying litigation, not the amount of the arbitration award that is the amount in controversy for purposes of diversity jurisdiction. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005).

[9] McCoy 12/13/10 Dec., Ex. A: Arbitration Agreement at 1, paragraph entitled "Construction and Enforceability."

[10] *Id.* at 3 (¶5 of "Arbitration Procedure").

[11] Copy available at the AAA's website, http://www.adr.org/sp.asp?id=32904#27, Section 42 (c). Copy also also attached to McCoy 12/13/10 Dec., Ex. C at 12 ¶7.

[12] *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 578, 592, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008). See also *White v. Mayflower Transit, L.L.C.*, 543 F.3d 581, 584 (9th Cir. 2008); *Spine Surgery, Inc. v. Sands Bros., Inc.*, 393 F. Supp. 2d 1138, 1144 (W.D. Okla. 2005).

DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD - 3
(Case No. 2:09-cv-0597)

**Jackson Lewis LLP**
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

Fax:  206-405-4450
E-mail: krusek@jacksonlewis.com
griffinm@jacksonlewis.com
morissec@jacksonlewis.com
Attorneys for Defendants

DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD - 4
(Case No. 2:09-cv-0597)

**Jackson Lewis LLP**
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

# DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the United States of America and hereby certifies that on this day, a true and accurate copy of the document to which this declaration is attached was filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

**Counsel for Plaintiff:**

Harish Bharti, WSBA #23960
Law Offices of Harish Bharti and Associates, LLC
6701 37th Avenue NW
Seattle, WA 98117
bharti@lawyer.com

**Co-Counsel for Plaintiff**

Kenneth Friedman, WSBA 17148
Friedman Rubin & White
1126 Highland Avenue
Bremerton, WA 98337
360-782-4300
kfriedman@frwlaw.us

Dated this 13th day of December, 2010.

*/s/ Joy Bezanis*
Joy Bezanis

4815-5657-7800, v. 2

DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD - 5
(Case No. 2:09-cv-0597)

**Jackson Lewis LLP**
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404