UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAHENDRA PRATAP SINGH,

               Plaintiff,

vs.

ROCKWELL AUTOMATION INC., a
foreign corporation registered and doing
business in the State of Washington, et al.,

               Defendants.

No.  C09-597Z

ORDER

THIS MATTER comes before the Court on Plaintiff Mehendra Singh's motions to vacate the arbitration award entered in favor of defendants Rockwell Automation Systems, Inc. and Baldor Electric Co. (collectively "defendants") and to remand for further proceedings, docket nos. 42 and 58, and defendants' cross-motion to confirm the arbitration award, docket no. 45.  Having reviewed the papers filed in support of, and opposition to, the parties' motions, the Court DENIES plaintiff's motions to vacate the arbitration award and remand, docket nos. 42 and 58, GRANTS defendants' cross-motion, docket no. 45, and CONFIRMS the arbitration award.

# DISCUSSION

## A. Plaintiff's Motions to Vacate the Arbitration Award and Remand, docket nos. 42 and 58

The party seeking to vacate an arbitration award bears a heavy burden because review of an arbitration award is both limited and highly deferential. Comedy Club, Inc. v. Improv W. Assoc., 553 F.3d 1277, 1288 (9th Cir. 2009). The Court may only vacate an arbitration award if (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrators; (3) where the arbitrators were guilty of misconduct or misbehavior resulting in prejudice to the rights of a party; or (4) where the arbitrators exceeded their powers. 9 U.S.C. § 10(a). An arbitrator exceeds his or her powers when making an award in manifest disregard for the law. Comedy Club, 553 F.3d at 1290. A manifest disregard for the law means something more than just an error in the law or a failure on the part of the arbitrator to understand or apply the law. Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co., 44 F.3d 826, 832 (9th Cir. 1995). "It must be clear from the record that the arbitrator recognized the applicable law, and then ignored it." Id.

Here, plaintiff argues that the arbitration award was entered in manifest disregard for the law because the arbitrator failed to apply the proper summary judgment standard in his Order dismissing plaintiff's claims. Specifically, plaintiff argues that although the arbitrator correctly noted that summary judgment is only proper where the record fails to present a genuine issue of material fact for a hearing, the arbitrator dismissed plaintiff's claims despite the existence of disputed facts.

However, the Court concludes that the arbitrator applied the proper standard for summary judgment when he determined that, even construed in the light most favorable to plaintiff, the record did not present a genuine dispute of material fact. McCoy Decl., Ex. B., docket no. 53. Thus, even if the arbitrator erred, this Court is not in the position to substitute its judgment for that of the arbitrator, and cannot conclude that the arbitrator entered the award in manifest disregard for the law.[1] See Mich. Mut. Ins. Co., 44 F.3d at 832.

In the alternative, plaintiff argues that the arbitrator exhibited evident partiality in the proceedings, citing several unfavorable rulings plaintiff received during the course of the arbitration. Adverse rulings on motions, standing alone, do not establish

---

[1] The Federal Arbitration Act ("FAA") "does not sanction judicial review of the merits." Lagstein v. Certain Underwriters at Lloyd's London, 607 F.3d 634, 640 (9th Cir. 2010). The FAA only allows a "federal court to correct a technical error, to strike all or a portion of an award pertaining to an issue not at all subject to arbitration, and to vacate an award that evidences affirmative misconduct in the arbitral process or the final result or that is completely irrational or exhibits a manifest disregard for the law." Kyocera Corp. v. Prudential-Bache Trade Servs., 341 F.3d 987, 997-98 (9th Cir. 2003) (en banc). Although the limited review may result in judicial confirmation of incorrect arbitration awards, "Congress's decision to permit sophisticated parties to trade the greater certainty of correct legal decisions by federal courts for the speed and flexibility of arbitration determinations is a reasonable legislative judgment that [the courts] have no authority to reject." Id. at 998. Accordingly, it is beyond the scope of this Court's power to perform a de novo review of the record and reject the arbitrator's determination that there were no genuine issue of disputed material fact. Nonetheless, the Court has reviewed the record, and in particular the portions of the record that plaintiff contends the arbitrator failed to consider, and concludes that the arbitrator did not err in holding that plaintiff had failed to show that there was a genuine issue of material fact in dispute. Although the arbitrator noted that there were disputed factual questions, he properly concluded that the disputed issues were not material or relevant to the parties' dispute, and therefore did not raise a genuine issue requiring a hearing.

evident partiality, and do not warrant vacature of an arbitration award.  <u>See</u> <u>Legacy</u>

<u>Trading Co. Ltd. v. Hoffman</u>, 363 Fed. Appx. 633 (10th Cir. 2010); <u>Tio v. Wash.</u>

<u>Hospital Ctr.</u>, 2010 WL 4852323 at *5 (D.D.C. 2010) ("Although a series of

unfavorable rulings by the arbitrator may produce an appearance of bias in the eyes of

the unsuccessful party, it does not justify vacating the arbitration award.").

Finally, plaintiff argues that the arbitrator was not qualified under the applicable

American Arbitration Association ("AAA") Employment rules, and therefore had no

authority to enter an award in favor of defendants.[2]  However, plaintiff, who bears a

heavy burden in seeking to vacate the arbitration award, has not submitted evidence

from which the Court can conclude that the arbitrator lacked the requisite experience

under AAA qualification criteria to hear this case.  To the contrary, plaintiff only states

that the experience set forth in the arbitrator's resume "appears to be [in] 'business law.'"

---

[2] Plaintiff also submits an as-of-yet unpublished study assessing the differences
between arbitration awards and judicial awards in employment cases, and argues that
the disparity in success rates and damage awards demonstrates that employment
arbitration agreements present an unconstitutional potential for bias.  Friedman Decl.,
Ex. E, docket no. 52.  Plaintiff quotes the "unconstitutional potential for bias" language
from <u>Caperton v. A.T. Massey Coal Co.</u>, 129 S. Ct. 2252, 2256-60 (2009), a recent
Supreme Court case addressing when elected judges have an obligation to recuse.
<u>Caperton</u>, which had absolutely nothing to do with arbitration or employment law, did
not purport to overrule the prior Supreme Court precedent that expressly addressed
whether the FAA applies to employment agreements.  <u>Circuit City Stores, Inc. v.</u>
<u>Adams</u>, 532 U.S. 105 (2001) (holding that employment agreements, except for those
explicitly identified in the FAA, are subject to arbitration).  Accordingly, the Court
DENIES plaintiff's motion to supplement the record with additional information about
the unpublished study, docket no. 56, because the additional evidence would neither be
helpful nor relevant to the Court's consideration of plaintiff's motions.

Mot. at 3, docket no. 58. Plaintiff's speculation as to the arbitrator's qualifications is insufficient to meet the high standard to vacate an arbitration award.[3]

  **B. Defendants' Motion to Confirm the Arbitration Award, docket no. 45**

  The Court must confirm an arbitration award upon application by one of the parties if the parties have agreed that the arbitration award is binding, unless the award is vacated, modified, or corrected. 9 U.S.C. § 9. Here, the parties' arbitration agreement provides that the arbitrator's decision is binding and final. Balistreri Decl., Ex. 1 at 1, docket no. 50. The Court has denied plaintiff's motion to vacate the arbitration award. The Court now GRANTS defendants' motion and CONFIRMS the award.

///

///

///

///

///

///

---

[3] Moreover, plaintiff had knowledge of the arbitrator's qualifications and consented to the arbitrator's involvement in the proceedings. McCoy Decl. ¶ 6, docket no. 61; see also id. at Ex. A. Plaintiff failed to object to the arbitrator's qualifications until after he received an unfavorable ruling. To permit plaintiff to begin the case anew before a different arbitrator would reward plaintiff's failure to act and would further delay and increase the cost of the proceedings, which is contrary to the purpose of the FAA. See Kyocera, 341 F.3d at 998 (finding that Congress enacted the FAA to promote flexibility, speed, and economy in the resolution of private disputes).

**CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiffs' motions to vacate and remand, docket nos. 42 and 58, GRANTS defendants' motion, docket no. 45, and CONFIRMS the arbitration award.[4]

IT IS SO ORDERED.

DATED this 24th day of February, 2011.

_Thomas S. Zilly_
Thomas S. Zilly
United States District Judge

---

[4] Although defendants requested an award of their attorneys' fees and costs in their motion, neither the parties' arbitration agreement nor the arbitrator's order on summary judgment provided for an award of attorneys' fees and costs. <u>See</u> Balistreri Decl., Ex. 1, docket no. 50 (providing that each party to the arbitration shall bear their portion of attorneys' fees and costs); McCoy Decl., Ex. B, docket no. 53. Accordingly, the Court declines to award defendants their attorneys' fees and costs.